HOLLAND & KNIGHT LLP
Attorneys for Plaintiffs
195 Broadway
New York, NY 10007
(212) 513-3200
Douglas R. Burnett (DB 7616)

KORMAN, CH. J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 19 2002
BROOKLYN OFFICE

LEVY M.J.

CV 02 3596

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

VICUNHA NORDESTE S/A,
TEXTIL BASQUIT (TEBASA),
SUL AMÉRICA TERRESTRES, MARÍTIMOS
E ACIDENTES,
BAMERINDUS – CIA DE SEGUROS,
INSTITUTO DE RESSEGUROS DO BRASIL (IRB)

                      Plaintiffs,

        - against –

GLOBAL CONTAINER LINES, LTD.,
a Bahamas corporation
d/b/a/ GLOBAL CONTAINER LINES (BAHAMAS) LTD.
GLOBAL CONTAINER LINES, LTD.,
a Delaware corporation

                      Defendants.

--------------------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

The plaintiffs herein, by their attorneys Holland & Knight LLP, complaining

of the above named defendants, allege upon information and belief:

    1.    This is a claim within the admiralty jurisdiction of this court as set forth

in 28 U.S.C. § 1333(1) and Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    This is a claim within the diversity jurisdiction of 28 U.S.C. § 1332(a)(2).

    3.    Venue lies within this District under the provision of 28 U.S.C. § 1391(a).



4.     Plaintiff Vicunha Nordeste S.A. is a corporation organized under the laws of Brazil with its principal place of business at Indústria Têxtil Rod. Dr. Mendel Steinbruch S/N – km 09, Pajucara, Ceará, Brazil.

5.     Plaintiff Têxtil Basquit (TEBASA) is a corporation organized under the laws of Brazil with its principal place of business at Rua Dona Mendinha, No. 2020 Alvaro Weyne, Fortaleza, Ceará, Brazil.

6.     Plaintiff Bamerindus-Cia de Seguros of Curitiba Brazil ("Bamerindus") is an insurance corporation organized under the laws of Brazil with its principal place of business at Rua Tenente Francisco Ferreira de Souza, 805, Curitiba, PR 81630.010 Brazil.

7.     Plaintiff Sul América Terrestres, Marítimos e Acidentes ("Sul América") is an insurance company organized under the laws of Brazil with its principal place of business at Rua da Quitanda 86, Rio de Janeiro, RJ 20091-000, Brazil.

8.     Plaintiff Instituto de Reseguros do Brasil ("IRB") is a public limited company organized under the laws of Brazil with its principal place of business at Avenida   Marechal Câmara 171, Rio de Janeiro, Brazil and whose principal business is reinsurance.

9.     According to the Corporate Record of the New York Department of State, a true copy of which is annexed as Exhibit 1 to this Complaint, Defendant Global Container Lines Ltd. ("GCL Bahamas") is a corporation formed under the laws of the Commonwealth of The Bahamas on 29 August 1985.  On 11 May 1995 the company registered as a foreign business in New York and maintained this status

until 18 December 1997. The registered agent was listed as Peter Drakos of the law firm of Cardillo & Corbett, 29 Broadway, New York, NY. Articles of merger with Global Container Lines Ltd., a Delaware corporation described in paragraph 11 of this Complaint, were filed with the Bahamian registry on September 4, 1997 with an effective date of August 29, 1997. The company's directors are listed as Kazem Paksima, Ali Paksima, and Hormoz Shayegan on the Articles of Merger, contained in Exhibit 1 to this Complaint. The company's charter in the Bahamas was terminated on 1 January 2000. The company is engaged in shipping.

10.    GCL Bahamas does business as Global Container Lines (Bahamas) Ltd.

11.    GCL Bahamas was at all relevant times the charterer of the vessel Global Natali and issued the bills of lading described in paragraphs 15 and 17 of this Complaint.

12.    According to the Corporate Records of New York State, a true copy of which is attached as Exhibit 2, Defendant Global Container Lines Ltd. ("GCL Delaware") is an active Delaware Corporation formed on 28 December 1989 which was registered to do business in New York on 18 December 1997. GCL Delaware merged with GCL Bahamas on 29 August 1997. A copy of the Certificate of Incorporation filed on January 2, 1990 is attached as Exhibit 2 to this Complaint. The documents also list Peter Drakos of the law firm of Cardillo & Corbett at 29 Broadway, New York, NY 10006 as the corporation's registered New York agent and its executive offices at 100 Quentin Roosevelt Blvd., Garden City, NY. The company's directors are also listed as Kazem Paksima, Ali Paksima, and Hormoz

Shayegan on the Articles of Merger, a true copy of which is attached as Exhibit 1 to this Complaint. The company is engaged in shipping.

13.    GCL Delaware is the successor in interest by merger to GCL Bahamas.

14.    On 28 August 1997, GCL Delaware merged with GCL Bahamas and GCL Delaware is the successor in interest to GCL Bahamas, including its liabilities as the charterer of the Global Natali as described in this complaint. A true copy of the Certificate of Merger is included and attached with Exhibit 1 to this Complaint.

15.    Defendant GCL Bahamas issued a clean bill of lading on the Global Natali, freight prepaid, to Textil Baquit S/A TEBASA on 19 October 1996 in the port of Bombay, India for delivery at Fortaleza, Brazil for bales of cotton as set forth in a copy of the original bill of lading, together with the corresponding commercial invoice, attached as Exhibit 3 to this complaint.

16.    This cargo shipped under Exhibit 3 was insured by Sul América.

17.    Defendant GCL Bahamas issued four clean bills of lading, freight prepaid, to Vicunha   Nordeste S/A on 19 October 1996 in the port of Mumbai, India for delivery at Fortaleza, Brazil of bales of cotton as set forth in a representative copy of the original bills of lading, together with the corresponding commercial invoice, attached as Exhibit 4 to this complaint.

18.    This cargo shipped under Exhibit 4 was insured by Bamerindus.

19.    Besides the cargo described in paragraphs 14-18, the charterer negligently stowed containers containing explosives and fireworks on the ship's deck.

20.    While transporting the above cargos on October 26, 1996, the Global Natali caught fire  and was abandoned at sea because of the crew's concern about the proximity of the explosive and firework cargoes to the fire.

21.    The Global Natali with its cargo were salvaged, and the ship was towed by salvors to Port Victoria, in the Seychelles, arriving on October 31, 1996.

22.    Some of the cargo was salved, but the majority of the cargo was damaged by the sea water and carbon dioxide used to extinguish the fire on board the vessel.

23.    The IRB paid the salvage claims, including towage, and transshipment costs for the damaged cargo.  IRB is also a reinsurer for Bamerindus and Sul América claims for cargo damage.

24.    On 12 August 1997, a writ and summons in Civil Side No. 250 of 1997, endorsing a claim in the amount of $6,453,762.69 against the owners and charterers of the vessel Global Natali was duly served by the Process Officer of the Supreme Court of Seychelles in accordance with local and customary admiralty rules by affixing the court papers to the mast of the Global Natali.

25.    Defendant GCL Bahamas, the charterer which issued the bills of lading, was provided a  full and fair opportunity to appear and enter their defenses to the claim, but elected not to appear before the Supreme Court of the Seychelles.  A copy of the letter sent to the Defendant IRB dated 1 April 1997 from the solicitors representing GCL Bahamas and its P&I underwriters, U.K. P&I Club, with respect to the plaintiffs' claims, is attached as Exhibit 5.

26.    On 27 August 1997,  following a hearing and examination of evidence submitted in support of the damage claims, the Supreme Court of Seychelles (Admiralty Jurisdiction) issued a joint and severable judgment against the charterers in the amount of $6,453,762.69.  A certified copy of the Judgment dated 27 August 1997 is attached to the complaint as Exhibit 6.

27.    On 25 November 1997, Mr. P.J.R. Boullé, an attorney representing both the owners and charterers appeared in the Seychelles Court of Appeal and filed a notice of appeal of the judgment.  On 14 January 1998, the same attorney filed a memorandum of appeal on behalf of both the owners and charterers.  This appeal has now been exhausted and the judgment annexed as Exhibit 6 is final.

WHEREFORE, plaintiffs demand:

a) That recognition be granted by the Court of the judgment of the Supreme Court of the Seychelles annexed as Exhibit 6;

b) That judgment be entered in favor of the and plaintiffs jointly and severably against defendants in the amount Six Million Four Hundred Fifty-Three Thousand Seven Hundred Sixty-Two Dollars and Sixty-Nine Cents ($6,453,762.69),  together with interest from August 27, 1997, costs, attorney fees, and the disbursements of this action; and,

c) That this Court grant to the plaintiffs  such other, further, and different relief as may be just and proper in the circumstances.

New York, New York
19 June 2002

HOLLAND & KNIGHT LLP
Attorneys for the Plaintiffs

By: _____
    Douglas R. Burnett
    A member of the firm
    195 Broadway
    New York, New York

NYC1 #467277 v1

RECYCLED

*THIS DATA IS NOT AN OFFICIAL RECORD OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. LEXIS-NEXIS IS NOT AN EMPLOYEE OR AGENT OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. THE DEPARTMENT OF STATE DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, REGARDING THIS DATA.*

NEW YORK DEPARTMENT OF STATE, CORPORATE RECORD

**NAME: GLOBAL CONTAINER LINES** LIMITED

**TYPE:** FOREIGN BUSINESS

**STATUS:** INACTIVE

**STATUS-COMMENT:** TERMINATION

**DURATION:** PERPETUAL

**DATE OF INCORPORATION/QUALIFICATION:** 05/11/1995

**STATE OF INCORPORATION/REGISTRATION:** BAHAMA ISLANDS

**FOREIGN STATE INCORPORATION/FORMED DATE:** 08/29/1985

**COUNTY OF PRINCIPAL OFFICE:** NASSAU

**REGISTERED AGENT:** ATT: PETER G DRAKOS

**REGISTERED OFFICE:** CARDILLO & CORBETT
           29 BROADWAY
           NEW YORK, NY  10006

**HISTORY:**

**DATE TRANSACTION MICROFILM-NO**

| DATE | TRANSACTION | MICROFILM-NO |
|------|-------------|--------------|
| 12/18/1997 | TERMINATION (FOR. BUSINESS) | 971218000609 |
| 05/11/1995 | APPLICATION AUTHORITY (FOR. BUSINESS) | 950511000472 |

**PROCESS ADDRESS:**

% CARDILLO & CORBETT
29 BROADWAY
NEW YORK, NY  10006

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR CORPORATE NEEDS. 800-634-9738**

Document 1 of 2 next ➤

About LexisNexis™ | Terms and Conditions | Privacy Policy | Support Identifier
Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

950511000472

PH-32

PH-32

APPLICATION FOR AUTHORITY
OF
GLOBAL CONTAINER LINES LIMITED
(UNDER SECTION 1304 OF THE BUSINESS CORPORATION LAW)

CARDILLO & CORBETT
29 BROADWAY
NEW YORK, NY 10006

BILLED

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED MAY 11 1995
TAX $
BY

FILED

950511000472

May 11,95 10:10 CARDILLO & CORBETT  NEW YORK                    P.02/03

950511000472

**PH-32**                                                      **PH-32**

Application for Authority

of

GLOBAL CONTAINER LINES LIMITED

(Under Section 1304 of the Business Corporation Law)

FIRST:   The name of the corporation is

GLOBAL CONTAINER LINES LIMITED

SECOND:   The jurisdiction of the corporation is the
Commonwealth of the Bahamas.  The date of incorporation is August
29, 1985.

THIRD:   The business which the corporation proposes
to do in the State of New York is as follows:

To engage in any act or activity permitted by the
laws of the Commonwealth of the Bahamas for which
corporations may be organized under the Business
Corporation laws of the State of New York, provided
that the corporation is not to engage in any act or
activity requiring the consent or approval of any state
official, department, board, agency or other body,
without such consent or approval first being obtained.

FOURTH:   The office of the corporation in the State of
New York is to be located in the County of Nassau.

FIFTH:   The Secretary of State of the State of New
York is designated as the agent of the corporation upon whom
process against the corporation may be served.  The post office
address in the State of New York to which the Secretary of State
of the State of New York shall mail a copy of any process against

the corporation served upon said Secretary of State is c/o Cardillo & Corbett, 29 Broadway, New York, New York 10006.

SIXTH:    The corporation has not since the date of its incorporation, engaged in any activity in the State of New York except as set forth in paragraph (b) of Section 1801 of the Business Corporation Law.

SEVENTH:  The registered agent of the corporation is to be the agent of the corporation upon whom or upon which process against the corporation may be served.  The name and address within the State of New York of said registered agent who is authorized to accept service of process on behalf of the corporation is as follows: Cardillo & Corbett (Attn: Peter G. Drakos), 29 Broadway, New York, New York 10006.

IN WITNESS WHEREOF, I have subscribed this document on the date set forth below and do hereby affirm, under the penalties of perjury, that the statements contained herein have been examined by me and are true and correct.

Date: May 8, 1995.

                        /s/ Hormoz Shayegan
                        Name: Hormoz Shayegan
                        Title: Secretary

# COMMONWEALTH OF THE BAHAMAS

IBC 04

## THE INTERNATIONAL BUSINESS COMPANIES ACT(1990)

### CERTIFICATE OF GOOD STANDING (Section 11)

No. 3,488B          GLOBAL CONTAINER LINES LIMITED

I, SHANE MILLER....................ASSISTANT , Registrar General of the Commonwealth of The Bahamas DO HEREBY CERTIFY:

1. The above Company was duly (REGISTERED) (continued) under the provision of the International Business Companies Act(No. 2 of 1990) on the          21ST day of   DECEMBER   1990   as a Company No. 3,488B   of the Register of

   International Business Companies.

2. The name of the Company is still on the Register of the International Business Companies and the Company has paid all fees, licence fees and penalties due and payable under the provisions of Sections          102 and          103          of the said Act.

3. The Company has not submitted to me Articles of Merger or Consolidation that have not yet been effective.

4. The Company has not submitted to Articles of Arrangement that has not yet become effective.

5. The Company is not in the process of being wound up and dissolved.

6. No proceedings have been instituted to strike the name of the Company off the said Register.

7. In so far as is evidenced by the documents filed with me the Company is in good legal standing.

Given under my hand and seal at Nassau in the Commonwealth of The Bahamas this          20TH          day of   APRIL 19 95

ASSISTANT     REGISTRAR GENERAL



9712180000**9**

UNI-37

IBC 03

**COMMONWEALTH OF THE BAHAMAS**

**THE INTERNATIONAL BUSINESS COMPANIES ACT**

(No. 2 of 1990)

CERTIFICATE OF MERGER

(Section 74)

No. of Surviving Co. 66,193 B

**GLOBAL CONTAINER LINES LIMITED**

I, ............ SHANE MILLER ............ Deputy Registrar General of the Commonwealth of The Bahamas

DO HEREBY CERTIFY pursuant to the International Business Companies Act (No. 2 of 1990) that Articles of

Merger between GLOBAL CONTAINER LINES LIMITED and GLOBAL CONTAINER LINES LIMITED

have this 4TH day of SEPTEMBER 1997 been registered and that upon the

merger, GLOBAL CONTAINER LINES LIMITED shall be the surviving Company of the

Given under my hand and seal at
Nassau, in the Commonwealth of
The Bahamas

this 4TH day of SEPTEMBER 1997

............ DEPUTY REGISTRAR GENERAL ............

## THE INTERNATIONAL BUSINESS COMPANIES ACT

### ARTICLES OF MERGER

OF

### GLOBAL CONTAINER LINES LIMITED
### (An International Business Company)

AND

### GLOBAL CONTAINER LINES LIMITED
### (A Delaware, U.S. A. Corporation)

The following Articles shall constitute the Articles of Merger between the

Companies named above pursuant to Section 77 of The International Business

Companies Act 1992.

1.    The Written Plan of Merger of Global Container Lines Limited is as follows:

### GLOBAL CONTAINER LINES LIMITED

(An International Business Company)

AND

### GLOBAL CONTAINER LINES LIMITED

(A Delaware, U. S. A. Corporation)

Written Plan of Merger of the Directors Pursuant to

Section 77 of The International Business Companies Act.

A.        SUMMARY OF THE MERGER

(I)        Pursuant to this Plan of Merger, Global Container Lines Limited

(hereinafter referred to as "GCLB"), a company incorporated under The

Companies Act and continued under The International Business Companies

Act 1989 of The Bahamas (the "Act") and whose registered office is

situated at Mareva House, 4 George Street, Nassau, Bahamas, and Global

Container Lines Limited (hereinafter referred to as "GCL"), a company

incorporated and existing under the laws of the State of Delaware, U.S.A.

(both companies together referred to as "The Constituent Companies")

shall merge and shall thereafter for all purposes be one with GCL.

(ii)        Upon the Merger GCL, subject in all respects to the laws of the

State of Delaware, shall continue in its present form and its present name

as the Surviving Company and the separate corporate existence of GCLB

shall be discontinued and for all purposes hereafter cease.

B.        PARTICULARS OF THE CONSTITUENT COMPANIES

(i).        GCLB was incorporated under The Companies Act on the 29th day

of March 1985 and continued under the International Business Companies

Act as a company limited by shares on the 21st day of December 1990,

with a Share Capital of 5,000 Ordinary Shares of $1.00 par value each,

900 of which are issued and fully paid up, leaving 4100 Ordinary shares

unissued.  Of the 900 issued and fully paid up shares, 600 are registered in

the name of Dhow Corporation and 300 in the name of Ship Trade, Inc.

All Ordinary shareholders would be entitled to vote on The Merger.

(ii)        GCL was incorporated on the 2nd January, 1990 under the laws of

the State of Delaware U.S.A. with a share capital of 3,000 shares of

Common Stock of par value US$1.00 each, 100 of which are issued and

3

fully paid █ aving 2,900 shares of common Stock, unle █ All common stock shareholders would be entitled to vote on the Merger.

(iii) The written Plan of Merger was approved by the Directors of GCLB on the 29th day of August 1997 and the written consent of the Shareholders of GCLB was obtained on the 29th day of August, 1997.

(iv) The Memorandum and Articles of Association of GCLB was registered by the Registrar on the 21st day of December 1990.

C. TERMS AND CONDITIONS OF THE MERGER

(i) The Effective Date of the Merger shall be deemed to be the 29th August, 1997 and each of the Constituent Companies agree that all acts necessary in implementing the proposed Merger shall be completed by the 1st September, 1997 and each of the Constituent Company shall cause to be executed any such further or additional documents or acts done instructions given as may be reasonably and necessarily required for the purpose of consummating and carrying into effect the merger as hereby contemplated by this Plan of Merger, in particular but not limited to the obligations of GCLB and GCL to submit this Plan of Merger to its Shareholders and Board of Directors for approval and of GCLB when approved to cause Articles of Merger to be prepared for signature by any Director or Officer of GCL or GCLB and to submit the same for filing with the Registrar of Companies.

(ii) The Merger shall be effected by way of a conversion and an exchange of shares. the Shareholders of GCLB shall transfer or cause to be transferred to GCL the whole of the issued shares is GCLB in consideration of GCL allotting and issuing shares in GCL in Dhow Corporation, and Ship Trade Inc. the shareholders of GCLB on the effective

4

date, each share of GCLB then issued shall be converted into and exchanged for One (1) share of GCL.

(iii)   On the effective date of the Merger all the shares of GCLB shall be cancelled without any further action on the part of the holders thereof or on the part of GCL.

(iv)   The written consent of the shareholders of GCLB to the Plan of Merger was obtained on the 29th August A.D. 1996.

(v)   GCL being the surviving company and being a company incorporated under the laws of a jurisdiction outside the Bahamas and for the purposes of complying

with Section 77 2(b) of the Act, undertake and agree as follows:

(i)   that a service of process may be effected on it in The Bahamas in respect of proceedings for the enforcement of any claim, debt, liability or obligation of a constituent company incorporated under this Act or in respect of proceedings for the enforcement of the rights of a dissenting member of a constituent company incorporated under this Act against a surviving company or the consolidated company.

(ii)   an irrevocable appointment of the registrar as its agent to accept service or persons in proceedings referred to in subparagraph (i).

(iii)   an agreement that it will promptly pay to the dissenting members of a constituent company incorporated under this Act the amount, if any, to which they are entitled under this Act with respect to the rights of dissenting members, and

5

(iv)   to present to the Registrar a Certificate of Merger issued pursuant
to Delaware corporate law.

6

IN WITNESS WHEREOF Global Container Lines (Bahamas) Limited has

hereunto affixed its Common Seal effective as of the 29th day of August, 1997.

SIGNED for and on behalf of

GLOBAL CONTAINER LINES

(Bahamas) LIMITED by

Kazem Paksima

Ali Paksima

Hormoz Shayegan

Directors of the Company

before and in the

present of

Witness  LEONARD H. GLASS

COMMONWEALTH OF THE BAHAMAS

**Registrar General's Department**
I certify the foregoing to be a true copy of the
original document.

Deputy Registrar General
September 4th, 1997

GLOBAL CONTAINER LINES LIMITED
(An International Business Company)

AND

GLOBAL CONTAINER LINES LIMITED
(A Delaware, U.S.A. Corporation)

Written Plan of Merger of the Directors Pursuant to
Section 77 of the International Business Companies Act

1.    SUMMARY OF THE MERGER.

(a)   Pursuant to this Plan of Merger Global Container
Lines Limited (hereinafter referred to as "GCLB"), a company
incorporated under the Companies Act and continued under the
International Business Companies Act 1989 of The Bahamas (the
"Act") and whose registered office is situated at Mareva House, 4
George Street, Nassau, Bahamas, and Global Container Lines
Limited (hereinafter referred to as "GCL"), a company
incorporated and existing under the laws of the State of
Delaware, U.S.A. (both companies together referred to as the
"Constituent Companies"), shall merge and shall thereafter for
all purposes be one with GCL.

(b)   Upon the Merger, GCL, subject in all respects to
the laws of the State of Delaware, shall continue in its present
form and its present name as the Surviving Company and the
separate corporate existence of GCLB shall be discontinued and
for all purposes hereafter cease.

2.    PARTICULARS OF THE CONSTITUENT COMPANIES.

(a)   GCLB was incorporated under the Companies Act as a
company limited on August 29, 1985 and continued under the
International Business Companies Act by shares on December 21,
1990, with a Share Capital of 5,000 Ordinary Shares of $1.00 par
value each, 900 of which are issued and fully paid up, leaving
4,100 Ordinary Shares unissued. Of the 900 issued and fully paid
up shares, 600 are registered in the name of Dhow Corporation and
100 in the name of Ship Trade, Inc. All Ordinary shareholders
would be entitled to vote on the Merger.

(b)   GCL was incorporated on January 2, 1990 under the
laws of the State of Delaware, U.S.A., with a share capital of
1,000 shares of Common Stock of par value U.S.$1.00 each, 100 of

8

which are issued and fully paid-up, leaving 2,900 shares of Common Stock unissued. All common stock shareholders would be entitled to vote on the Merger.

## TERMS AND CONDITIONS OF MERGER

(a) The Effective Date of the Merger shall be deemed to be August 29, 1997, and each of the Constituent Companies agree that all acts necessary to implement the proposed Merger shall be completed by September 1, 1997 and each of the Constituent Companies shall cause to be executed any such further or additional documents or acts done instructions given as may be reasonably and necessarily required for the purpose of consummating and carrying into effect the Merger as hereby contemplated by this Plan of Merger, in particular, but not limited to, the obligations of GCLB and GCL to submit this Plan of Merger to its Shareholders and Board of Directors for approval and of GCLB when approved to cause Articles of Merger to be prepared for signature by any Director or Officer of GCL and GCLB and to submit the same for filing with the Registrar of Companies.

(b) The Merger shall be effected by way of a conversion and an exchange of shares. The Shareholders of GCLB shall transfer or cause to be transferred to GCL the whole of the issued shares in GCLB in consideration of GCL allotting and issuing shares in GCL to Dhow Corporation and Ship Trade, Inc., the shareholders of GCLB, on the effective date, each share of GCLB then issued shall be converted into and exchanged for one share of GCL.

(c) On the effective date of the Merger, all the shares of GCLB shall be cancelled without any further action on the part of the holders thereof or on the part of GCL.

(d) The written consent of the shareholders of GCLB to the Plan of Merger was obtained on August 29, 1995.

(e) GCL being the surviving company and being a company incorporated under the laws of a jurisdiction outside the Bahamas and for the purposes of complying with Section 772(b) of the Act, undertake and agree as follows:

(i) that a service of process may be effected on it in The Bahamas in respect of proceedings for the enforcement of any claim, debt, liability or obligation of a constituent company incorporated under this Act or in respect of proceedings for the enforcement of the rights of a dissenting member of a constituent company incorporated under this Act against a surviving company or the consolidated company;

(ii) an irrevocable appointment of the registrar as its agent to accept service of persons in proceedings referred to in subparagraph (i);

(iii) an agreement that it will promptly pay to the dissenting members of a constituent company incorporated under this Act the amount, if any, to which they are entitled under this Act with respect to the rights of dissenting members; and

(iv) to present to the Registrar a Certificate of Merger issued pursuant to Delaware corporate law.

10

3.

LEGL-NY1:DMSLEG.DIR\04\8394.01
August 27, 1997

We, Kazem Paksima, Ali Paksima and Hormoz Shayegan, being all of the Directors of GLOBAL CONTAINER LINES LIMITED, a company incorporated under the International Business Companies Act 1989 of The Bahamas and being all of the Directors of GLOBAL CONTAINER LINES LIMITED, a company incorporated under the laws of the State of Delaware, U.S.A., hereby approve the above Written Plan of Merger in our respective capacities as Directors of each company.

DATED: August 29, 1987

_____
KAZEM PAKSIMA

_____
ALI PAKSIMA

_____
HORMOZ SHAYEGAN

COMMONWEALTH OF THE BAHAMAS

**Registrar General's Department**
I certify the foregoing to be a true copy of the original document.

Deputy Registrar General
September 4th, 1997

971218000*609*

*41-37*

§   CERTIFICATE OF TERMINATION

OF

GLOBAL CONTAINER LINES LIMITED

Under Section 1311 of the Business Corporation
Law of the State of New York

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED DEC 18 1997
TAX $ _____
BY: _____

RECEIVED
DEC 15  10:34 AM '97

Cole Schotz Meisel Forman & Leonard, P.A.
25 Main Street-Court Plaza North
Hackensack, New Jersey  07602

BILLED

12

971218000 *634*



*THIS DATA IS NOT AN OFFICIAL RECORD OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. LEXIS-NEXIS IS NOT AN EMPLOYEE OR AGENT OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. THE DEPARTMENT OF STATE DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, REGARDING THIS DATA.*

NEW YORK DEPARTMENT OF STATE, CORPORATE RECORD

**NAME: GLOBAL CONTAINER LINES** LIMITED

**TYPE:** FOREIGN BUSINESS

**STATUS:** ACTIVE

NOTE: GOOD STANDING STATUS CAN ONLY BE DETERMINED BY PERFORMING A SEARCH IN THE RECORDS OF BOTH THE DEPARTMENT OF STATE CORPORATION RECORDS AND THE DEPARTMENT OF TAX AND FRANCHISE. CALL 1-800-634-9738 TO ORDER GOOD STANDING DOCUMENTATION.

**DURATION:** PERPETUAL

**DATE OF INCORPORATION/QUALIFICATION:** 12/18/1997

**STATE OF INCORPORATION/REGISTRATION:** DELAWARE

**FOREIGN STATE INCORPORATION/FORMED DATE:** 01/02/1990

**COUNTY OF PRINCIPAL OFFICE:** NASSAU

**REGISTERED AGENT:** PETER DRAKOS

**REGISTERED OFFICE:** C/O CARDILLO & CORBETT
29 BROADWAY
NEW YORK, NY 10006

**EXECUTIVE OFFICE ADDRESS:** 100 QUENTIN ROOSEVELT
GARDEN CITY, NY 11530

**CHAIR OF THE BOARD:** KAZEM PAKSIMA
100 QUENTIN ROOSEVELT BLVD
GARDEN CITY, NY 11530

**HISTORY:**

**DATE TRANSACTION MICROFILM-NO**
```
----  -----------                           -----------
04/08/2002   BIENNIAL STATEMENT (FOREIGN BUSINESS)     020408002873
             EFFECTIVE: 12/01/2001
01/25/2000   BIENNIAL STATEMENT (FOREIGN BUSINESS)     000125002401
             EFFECTIVE: 12/01/1999
09/03/1999   CERTIFICATE OF CHANGE (FOR. BUSINESS)     990903000535
12/18/1997   APPLICATION AUTHORITY (FOR. BUSINESS)     971218000612
```

**PROCESS ADDRESS:**

Case 1:02-cv-03596-ERK-RML   Document 1   Filed 06/19/02   Page 28 of 58

THE CORPORATION
100 QUENTIN ROOSEVELT BLVD.
GARDEN CITY, NY 11530

**CALL LEXIS DOCUMENT SERVICES FOR ALL YOUR CORPORATE NEEDS. 800-634-9738**

◄ prev  Document 2 of 2

About LexisNexis[TM] |  Terms and Conditions |  Privacy Policy |  Support Identifier

Copyright © 2002 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

971218000*612*

**UNI-37**

APPLICATION FOR AUTHORITY

OF

GLOBAL CONTAINER LINES LIMITED

Under Section 1304 of the Business Corporation
Law of the State of New York

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED DEC 1 8 1997
TAX $
BY:

Cole Schotz Meisel Forman & Leonard, P.A.
25 Main Street-Court Plaza North
Hackensack, New Jersey  07602

3

BILLED

971218000*638*

9712180006/2

# APPLICATION FOR AUTHORITY
## OF
## GLOBAL CONTAINER LINES LIMITED

UNI 57

### Under Section 1304 of the
### Business Corporation Law

The undersigned corporation does hereby apply, pursuant to Section 1304 of the Business Corporation Law of the State of New York, for authority to do business in the State of New York and for that purpose does hereby set forth:

FIRST:     The name of the corporation is:

**GLOBAL CONTAINER LINES LIMITED**

SECOND:    The jurisdiction of the incorporation of the corporation is the State of Delaware.  The date of incorporation in said jurisdiction is January 2, 1990.

THIRD:     The corporate purpose in the State of New York, which it is authorized to do in the jurisdiction of its incorporation is as follows:

To engage in any lawful act or activity which a corporation may be organized under the Business Corporation Law, provided that it is not engaged in any act or activity requiring the consent or approval of any state official, department, board, agency or other body, without such approval or consent first being obtained.

FOURTH:    The office of the corporation in the State of New York shall be located in the County of Nassau.

FIFTH:     (a)  The Secretary of State is designated as the agent of the corporation upon whom process against the corporation may be served, and the address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is 100 Quentin Roosevelt Blvd., Garden City, NY 11530.

(b)  The registered agent of the corporation in the State of New York is United Corporate Services, Inc., 10 Bank Street, Suite 560, White Plains, New York 10606.

SIXTH:     The corporation has not since its incorporation engaged in any activity in this state, except as set forth in paragraph (b) of Section 1301 of the Business Corporation Law of the State of New York.

IN WITNESS WHEREOF, the undersigned executes this document and affirms that the statements made herein are true under the penalties of perjury, this 29th day of August, 1997.

Kazem Paksima, President

*State of Delaware*

PAGE 1

*Office of the Secretary of State*

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "GLOBAL CONTAINER LINES LIMITED" IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE EIGHTH DAY OF SEPTEMBER, A.D. 1997.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "GLOBAL CONTAINER LINES LIMITED" WAS INCORPORATED ON THE SECOND DAY OF JANUARY, A.D. 1990.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

*Edward J. Freel, Secretary of State*

2217906 8300

971298507

2

8640033

AUTHENTICATION:

DATE: 09-08-97

990903000535

U.N.I - 37

CERTIFICATE OF CHANGE

OF

APPLICATION FOR AUTHORITY

OF

GLOBAL CONTAINER LINES LIMITED

Under Section 1309-a of the Business Corporation
Law of the State of New York

I CC

**STATE OF NEW YORK**
**DEPARTMENT OF STATE**
FILED SEP 0 3 1999
TAX$ _____
BY _____
Nassau

RECEIVED SEP 2 07 PM '99

Cardillo & Corbett
29 Broadway - Room 1710
New York, New York 10006

CUSTOMER REFERENCE NUMBER 45651CE

DRAWDOWN

3

990903000561

990903000 535

### CERTIFICATE OF CHANGE
### OF
### APPLICATION FOR AUTHORITY
### OF
### GLOBAL CONTAINER LINES LIMITED

Under Section 1309-A of the
Business Corporation Law

The undersigned, the president of Global Container Lines Limited, certifies:

1. The name of the corporation as authorized is Global Container Lines Limited.

2. The corporation was incorporated under the laws of the State of Delaware.

3. The corporation was authorized to do business in the State of New York on December 15, 1997.

4. The corporation hereby revokes the designation of United Corporate Services, 10 Bank Street, Suite 560, White Plains, New York 10606, as its registered agent, and hereby designates Peter Drakos c/o Cardillo & Corbett, 29 Broadway, New York, New York 10006, as its registered agent upon whom process may be served.

IN WITNESS WHEREOF, the corporation has caused this certificate to be signed and verified by its President on this 2nd day of September, 1999.

GLOBAL CONTAINER LINES LIMITED

By: _____
Kazem Paksima
President

### VERIFICATION

STATE OF NEW YORK

COUNTY OF NASSAU

Kazem Paksima, being sworn, states that he is the
person described in and who executed the foregoing certificate,
that he has read the same and knows its contents, and that the
statements contained therein are true.

_Regina A. White_
Notary Public

REGINA A. WHITE
NOTARY PUBLIC, State of New York
No. 01WH5000037
Qualified in Nassau County
Commission Expires September 8, 1999

NYS DEPARTMENT OF STATE - DIVISION OF CORPORATIONS

**Biennial Statement, Part B**

CORPORATION NAME
GLOBAL CONTAINER LINES LIMITED

| | | |
|---|---|---|
| 2210040 | 12/2001 | $9.00 |

ar   020408000813

(1)   NAME AND BUSINESS ADDRESS OF THE CHIEF EXECUTIVE OFFICER

KAZEM PAKSIMA
100 QUENTIN ROOSEVELT BLVD
GARDEN CITY NY 11530

If there are no changes to the information printed in Part B, sign Part C and return with payment payable to the Dept. of State

(2)   ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE

GLOBAL CONTAINER LINES LIMITED
100 QUENTIN ROOSEVELT
GARDEN CITY NY 11530

(3)   SERVICE OF PROCESS ADDRESS

GLOBAL CONTAINER LINSS LIMITED
100 QUENTIN ROOSEVELT BLVD.
GARDEN CITY NY 11530

[YOU MUST SIGN ON REVERSE]

DOS-1179 (07/99)

MAKE NO MARKS BELOW THIS LINE



PRINT OR TYPE NAME OF SIGNER

PRESIDENT

PRINT OR TYPE THE TITLE OR CAPACITY OF THE SIGNER

SIGNATURE

STATE OF STATE

FILED APR 0 8 2002

BY

MAKE NO MARKS BELOW THIS LINE

700002008

**FILED**

CERTIFICATE OF INCORPORATION

OF

GLOBAL CONTAINER LINES LIMITED

 JAN 2 1990

SECRETARY OF STATE

The undersigned, being of legal age, in order to form a corporation under and pursuant to the laws of the State of Delaware, do hereby set forth as follows:

FIRST: The name of the corporation is
GLOBAL CONTAINER LINES LIMITED

SECOND: The address of the initial registered and principal office of this corporation in this state is c/o United Corporate Services, Inc., 15 East North Street, in the City of Dover, County of Kent, State of Delaware 19901 and the name of the registered agent at said address is United Corporate Services, Inc.

THIRD: The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the corporation laws of the State of Delaware.

FOURTH: The corporation shall be authorized to issue the following shares:

| Class | Number of Shares | Par Value |
|-------|------------------|-----------|
| COMMON | 3,000 | $1.00 |

FIFTH: The name and address of the incorporator are as follows:

| NAME | ADDRESS |
|------|---------|
| Ray A. Barr | 9 East 40th Street<br>New York, New York 10016 |

SIXTH: The following provisions are inserted for the management of the business and for the conduct of the affairs of the corporation, and for further definition, limitation and regulation of the powers of the corporation and of its directors and stockholders:

(1) The number of directors of the corporation shall be such as from time to time shall be fixed by, or in the manner provided in the by-laws. Election of directors need not be by ballot unless the by-laws so provide.

(2) The Board of Directors shall have power without the assent or vote of the stockholders:

(a) To make, alter, amend, change, add to or repeal the By-Laws of the corporation; to fix and vary the amount to be reserved for any proper purpose; to authorize and cause to be executed mortgages and liens upon all or any part of the property of the corporation; to determine the use and disposition of any surplus or net profits; and to fix the times for the declaration and payment of dividends.

(b) To determine from time to time whether, and to what times and places, and under what conditions the accounts and books of the corporation (other than the stock ledger) or any of them, shall be open to the inspection of the stockholders.

(3) The directors in their discretion may submit any contract or act for approval or ratification at any annual meeting of the stockholders or at any meeting of the stockholders called for the purpose of considering any such act or contract, and any contract or act that shall be approved or be ratified by the vote of the holders of a majority of the stock of the corporation which is represented in person or by proxy at such meeting and entitled to vote thereat (provided that a lawful quorum of stockholders be there represented in person or by proxy) shall be as valid and as binding upon the corporation and upon all the stockholders as though it had been approved or ratified by every stockholder of the corporation, whether or not the contract or act would otherwise be open to legal attack because of directors' interest, or for any other reason.

(4) In addition to the powers and authorities hereinbefore or by statute expressly conferred upon them, the directors are hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the corporation; subject, nevertheless, to the provisions of the statutes of Delaware, of this certificate, and to any by-laws from time to time made by the stockholders; provided, however, that no by-laws so made shall invalidate any prior act of the directors which would have been valid if such by-law had not been made.

SEVENTH:  No director shall be liable to the corporation or any of its stockholders for monetary damages for breach of fiduciary duty as a director, except with respect to (1) a breach of the director's duty of loyalty to the corporation or its stockholders, (2) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (3) liability under Section 174 of the Delaware General Corporation Law or (4) a transaction from which the director derived an improper personal benefit, it being the intention of the foregoing provision to eliminate the liability of the corporation's directors to the corporation or its stockholders to the fullest extent permitted by Section 102(b)(7) of the Delaware General Corporation Law, as amended from time to time.  The corporation shall indemnify to the fullest extent permitted by Sections 102(b)(7) and 145 of the Delaware General Corporation Law, as amended from time to time, each person that such Sections grant the corporation the power to indemnify.

EIGHTH:  Whenever a compromise or arrangement is proposed between this corporation and its creditors or any class of them and/or between this corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware, may, on the application in a summary way of this corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for this corporation under the provisions of Section 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this corporation under the provisions of Section 279 Title 8 of the Delaware Code order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this corporation, as the case may be, to be summoned in such manner as the said court directs.  If a majority in number representing three-fourths (3/4) in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of this corporation as consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders or class of stockholders, of this corporation, as the case may be, and also on this corporation.

NINTH:  The corporation reserves the right to amend, alter, change or repeal any provision contained in this certificate of incorporation in the manner now or hereafter prescribed by law, and all rights and powers conferred herein on stockholders, directors and officers are subject to this reserved power.

IN WITNESS WHEREOF, the undersigned hereby executes this document and affirms that the facts set forth herein are true under the penalties of perjury this twenty-eighth day of December, 1989.

RAY A. BARR
Ray A. Barr, Incorporator

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 08/29/1997
971289501 - 2217906

CERTIFICATE OF MERGER
of
GLOBAL CONTAINER LINES LIMITED

Pursuant to Section 252 (c) of the
State of Delaware General Corporation Law

The undersigned, being the Surviving corporation, hereby sets forth as follows:

FIRST:  The name of the Surviving corporation is GLOBAL CONTAINER LINES LIMITED; its state of incorporation is Delaware.

SECOND:  The name of the Non-Surviving corporation is GLOBAL CONTAINER LINES LIMITED; its state of incorporation is the Commonwealth of The Bahamas.

THIRD:  An Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each constituent corporation in accordance with Section 252 of the State of Delaware General Corporation Law.

FOURTH:  The Certificate of Incorporation of GLOBAL CONTAINER LINES LIMITED shall be the Certificate of Incorporation of the Surviving corporation.

FIFTH:  The executed Agreement of Merger is on file at the principal place of business of the Surviving corporation; the address of said principal place of business is as follows:

100 Quentin Roosevelt Blvd., Garden City NY  11530

SIXTH:  A copy of the Agreement of Merger will be furnished by the Surviving corporation, on request and without cost, to any stockholder of any constituent corporation.

SEVENTH:  The authorized capital stock of the non-Surviving corporation which is incorporated under the laws of the

Commonwealth of The Bahamas is Five Thousand (5,000) shares, par value U.S. $1.00 each.

IN WITNESS WHEREOF, the undersigned, a duly authorized officer of the corporation has executed this Certificate of Merger on this ____28th____ day of August, 1997.

KAZEM FAKSIMA,
President

FROM:  GLASS ESQ>>UORT ESQ            FAX NO.:  2018941718

*STATE OF DELAWARE*
*SECRETARY OF STATE* '39P   P.82
*DIVISION OF CORPORATIONS*
*FILED 02:25 PM 11/08/1999*
*991475629 — 2217906*

## CERTIFICATE OF AMENDMENT OF
## CERTIFICATE OF INCORPORATION OF
## GLOBAL CONTAINER LINES LIMITED

The undersigned corporation, in order to amend its Certificate of Incorporation, hereby certifies as follows:

**FIRST:**  The name of the corporation is:

GLOBAL CONTAINER LINES LIMITED

**SECOND:**  The corporation hereby amends its Certificate of Incorporation as follows:

> Paragraph FOURTH of the Certificate of Incorporation, relating to the authorized capital of the corporation, is hereby amended to read as follows:
>
> FOURTH:  The total number of shares which the corporation shall have the authority to issue is 5,000 shares of Common Stock, par value $1.00 per share.

**THIRD:**  The amendment effected herein was authorized by the consent in writing, setting forth the action so taken, unanimously signed by the holders of all the outstanding shares entitled to vote thereon pursuant to Sections 228 and 242 of the General Corporation Law of the State of Delaware.

**IN WITNESS WHEREOF,** I hereunto sign my name and affirm that the statements made herein are true under the penalties of perjury, this 8th day of November, 1999.

/s/  Kazem Paksima
KAZEM PAKSIMA, President

RECYCLED

FOT-6/02

Shipper
THE MAHARASHTRA STATE CO-OP.
COTTON GROWERS MKTG.FEDERATION
LTD., 198, J.T.ROAD, KHETAN
BHAVAN,CHURCHGATE, MUMBAI 400020
INDIA

B/L No.

Shipper's Ref

F/Agent's - Ref

**THIRD ORIGINAL**

Consignee (if 'Order' state Notify Party)
TO THE ORDER OF BANCO INDUSTRIAL
E COMERCIAL S/A
BICBANCO FORTALEZA(CE) BRASIL

**GLOBAL**

Notify Party (ONLY if not stated above; otherwise leave blank)
TEXTILE BAQUIT S/A TEBASA
RUA DONA MENDINHA, NO.2020
ALVARO WEYNE
FORTALEZA(CE)BRASIL

CONTAINER LINES (BAHAMAS) LTD.

| Pre-Carriage | From |
|---|---|
| Ocean Vessel (V-003) GLOBAL NATALI | Port of Loading MUMBAI |
| Port of Discharge FORTALEZA | Final destination (if on-carriage) | Freight Payable at SWITZERLAND | Number of original Bs/L 3 (THREE) |

ROUTING FROM

TO

| Marks and Numbers | Number and kind of packages; description of goods | Kilos | Gross weight | Measurement |
|---|---|---|---|---|
| REIN/ BRAZIL | 748 BALES (SEVEN HUNDRED FORTY EIGHT BALES ONLY.) | | | |

Said to contain:

| LOT NO. | NO.OF B/S | | GROSS WT: |
|---|---|---|---|
| 193 | 100 | INDIAN          COTTON | 122366 KGS. |
| 608 | 100 | 1995/96 CROP QUALITY NHH-44 | |
| 3123 | 98 | ROLLER GINNED | NETT WT: |
| 765 | 100 | | 120266.5KGS. |
| 825 | 50 | S/B NO. & DT.   GR NO. & DT. | |
| 1434 | 100 | 826189/          AM-279982/10.10.96 | C.S.NO. |
| 1441 | 100 | 826269/          AL-953847/10.10.96 | 5596233018 |
| 2406 | 100 | | 5596231830 |
| --- | 748 | LCI300165/00/96 AND Import License | |
| | | Nr.:8-96/3125-7" | |
| | | "FREIGHT PREPAID AT SWITZERLAND | |

**ORIGINAL**

PARTICULARS OF CONTAINERS
(including Serial No., Type and gross weight)

BREAK BULK

SHIPPED ON BOARD
FOR SSC P. LTD.
1 9 OCT 1996

AS AGENTS

Correction
APPR
SAI I

FREIGHT AS ARRANGED

FREIGHT AND CHARGES
US$ 95/= PMT for
122.366 MT.
= US$ 11624/77 (U.S. Dollars
Eleven thousand six hundred
twenty four and Cents Seventy
seven only)

Freight due on Shipment not refunda-
ble. Ship and/or Cargo Lost or not
Lost.

Received for shipment at the port of place first mentioned above including if hereby applicable precar-
riage to the sea terminal at the port of loading of the overseas vessel the above mentioned goods in ap-
parent good order and condition unless otherwise stated and to be carried to and delivered at the sea ter-
minal at the port of discharge of the overseas vessel or if so provided for at the final destination named
above.

Weight, measure, marks, numbers, quality, contents and value as declared by the Shipper but unknown
by the Carrier.

In accepting this Bill of Lading the Merchant expressly accepts and agrees to all the stipulations, excep-
tions and conditions, on both pages whether written, printed, stamped or otherwise incorporated as fully
as if they were all signed by the Merchant.

One of the Bills of Lading must be surrendered duly endorsed in exchange for the goods or delivery order.

In WITNESS whereof the original Bills of Lading all of them here-and-date
have been signed in the number stated below, one of which being
accomplished the other(s) to be void.

Number of Packages (in words)
SEVEN HUND.FORTY EIGHT BALES ONLY

Place and date of issue
MUMBAI   1 9 OCT 1996

Signed for the Master by MR.E.J.PABRIA
BY   For Sai Shipping Co. Pvt. Ltd.
MR.N.G.SHAH

Paul Reinhart AG
Postfach 582
CH-8401 Winterthur
SWITZERLAND

INVOICE NO. 667973

CONTRACT NO. S67260
YOUR REF NO. 075-U/96

TEXTIL BAQUIT S/A - TEBASA
RUA DONA MENDINHA, NO.2020
ALVARO WEYNE.
FORTALEZA (CE) BRASIL

WINTERTHUR, 19.10.96 / GR

497.183,00 KGS ALGODAO EM PLUMA NAO CARDADO NEM PENTEADO, EM FARDOS,
PROCEDENCIA DA INDIA, SAFRA 1995/96, PADRAO IHHIR, FIBRA 31/32"
A 1." MICRONAIRE 3.2 NCL PSI 82.000
(AS PER PROFORMA INVOICE NO.S-5340 DD 960820 AND IMPORT LICENSE
NR.: 8-96/3125-7).

HIPMENT FROM: INDIAN PORT MUMBAI      TO : FORTALEZA (CE) BRASIL
T R : GLOBAL NATALI (V-002)
        B/L NO. FOT-6/02 -  748 BALES
        B/L NO. FOT-2/02 - 2297 BALES
        DATED OCTOBER 19, 1996

| PARCEL MARKS | BALES | GROSS-WEIGHT | TARE | NET-WEIGHT |
|---|---|---|---|---|
| 3316500102 | 3.045 | 505.744,00  KGS | 8.561,00- KGS | 497.183,00  KGS |
| REIN/BRAZIL | 166 | | | = 1.096.082,46  LBS |

AT USD-CENTS 70,40 PER LB NET  -  C+F VALUE           771.642,05  USD

R FORTALEZA(CE)BRASIL
---------------------
ACTUAL TARE, NET LANDED WEIGHT
CONTROLLER:  WAKEFIELD INSPECTION (THOM & CIA LTD.)

PAYABLE UNDER IRREVOCABLE DOCUMENTARY CREDIT NUMBER LCI300265/00/96
ISSUED 16.09.96 OPENED THROUGH BANCO INDUSTRIAL E COMERCIAL
S.A.-BICBANCO, FORTALEZA.

PAUL REINHART AG

RECYCLED

THE MAHARASHTRA STATE CO. OPERATIVE
COTTON GROWERS' MARKETING FEDERATION
LIMITED, 19B JAMSHEDJI TATA ROAD, KHETAN
BHAVAN, 6TH FLOOR, CHURCHGATE,
MUMBAI-400020 INDIA.

FOT-1/02

B/L No.

Shipper's Ref.

F/Agent's Ref.

**Consignee (if 'Order' state Notify Party)**

TO THE ORDER OF VICUNHA
NORDESTE S/A

## THIRD ORIGINAL

**GLOBAL**

CONTAINER LINES (BAHAMAS) LTD.

**Notify Party (ONLY if not stated above; otherwise leave blank)**

VICUNHA NORDESTE S/A.
INDUSTRIA TEXTIL ROD. DR. MENDEL
STEINBRUCH S/N - KM.09
PAJUCARA - MARACANAU - CE - BRAZIL

| Pre-Carriage | From |
|---|---|

| Ocean Vessel | Port of Loading | ROUTING | FROM | TO |
|---|---|---|---|---|
| GLOBAL NATALI  V. 002 | MUMBAI | | | |

| Port of Discharge | Final destination (if on-carriage) | Freight Payable at | Number of origin.al Bs/L |
|---|---|---|---|
| FORTALEZA | BRAZIL | SWITZERLAND | 3 (THREE) |

| Marks and Numbers | Number and kind of packages; description of goods | container(s) said to contain: | Kilos | Gross weight | Measurement |
|---|---|---|---|---|---|
| REIN/.<br>BRAZIL | 9217 (NINE THOUSAND TWO HUNDRED SEVENTEEN) BALES ONLY | INDIAN COTTON 1995-96 CROP, QUALITY NHH-44 ROLLER GINNED | | GR. WT. KGS 1545027.000<br>NT.WT. KGS 1519438.100<br>NETT LBS 3349790 | |

Correction
Approved
SAI BC

( AS PER ANNEXURE ATTACHED )

Correction
Approved
SAI BOMBA

**BREAK BULK**

U.S.$ 95/- PMT for
1545.027 MT
= U.S.$ 1,46,777.57
(U.S. Dollars One lac forty six thousand seven
hundred seventy seven and Cents fifty seven only)

'FREIGHT PREPAID' AT SWITZERLAND

## ORIGINAL

**PARTICULARS OF CONTAINERS**
(Including Serial No., Type and Tare Weight)

IMPORT PERMIT NR.8-96/BREIGHT AS ARRANGED
AND ADDENDUM NR 8-96/3523-3

FREIGHT AS ARRANGED

**FREIGHT AND CHARGES**

SHIPPED ON BOARD
FOR SSC P. LTD.
19 OCT 1996
AS AGENT

Received for shipment at the port of place first mentioned above including if hereby applicable precarriage to the sea terminal at the port of loading of the overseas vessel the above mentioned goods in apparent good order and condition unless otherwise stated and to be carried to and delivered at the sea terminal at the port of discharge of the overseas vessel or if so provided for at the final destination named above.

Weight, measure, marks, numbers, quality, contents and value as declared by the Shipper but unknown by the Carrier.

In accepting this Bill of Lading the Merchant expressly accepts and agrees to all its stipulations, exceptions and conditions, on both pages whether written, printed, stamped or otherwise incorporated as fully as if they were all signed by the Merchant.

One of the Bills of Lading must be surrendered duly endorsed in exchange for the goods of delivery order.

In WITNESS whereof the original Bills of Lading all of this tenor and date have been signed in the number stated above, one of which being accomplished the other(s) to be void.

Freight due on Shipment not refundable. Ship and/or Cargo Lost or not Lost.

FBE/N/C
H-
00000/9

Mah. State Co-op. Bank Ltd.
L. B. D.

| Number of Packages (in words) | NINE THOUSAND TWO HUNDRED SEVENTEEN BALES |
|---|---|

| Place and date of Issue | |
|---|---|
| MUMBAI | 19 OCT 1996 |

Signed for the Master by R.E.J.PADRIA
For Sai Shipping Co. Pvt. Ltd.
MR. V. C. SHAH
As Agent

F-SH BEKSOH BEHR MARINE CLAIMS ADVS

P. S
P. 02

Shipper
The Maharashtra State Co-op.
Cotton Growers Marketing Fede-
ration Ltd., Chetan Bhavan, 6th
floor, 193 J.Tata Road,
Churchgate, Mumbai 400020-INDIA

B/L No. FOT-3/02

Consignee (If 'Order' state Notify Party)
TO THE ORDER OF VICUNHA
NORDESTE S/A

**THIRD ORIGINAL**

Correction
Approved
SAI BL

Notify Party (ONLY if not fitted above: otherwise leave blank)
VICUNHA NORDESTE S/A,
INDUSTRIA TEXTIL
EDU. DR. MENUEL
TEINBUCH S/N - KM.09
-AJUCARA - MARACANAU - CE - BRAZIL

GLOBAL
CONTAINER LINE

1 9 NOV 1996

Pre-Carriage by
From

Ocean Vessel GLOBAL NATALIVO2   Port of Loading MUMBAI

Port of Discharge FORTALEZA   Final destination (if on-carriage)

ROUTING   FROM   SWITZERLAND   TO

Number of original B/L THREE (S)

Marks and Numbers
HEIR/
BRAZIL

Correction
Approved
SAI BL

Number and kind of packages; description of goods

7888 BALES INDIAN COTTON
1995-96 CROP
QUALITY NSM, ROLLERGINNED
(SEVEN THOUSAND EIGHT HUNDRED EIGHTYEIGHT ONLY.)

S/BILL NOS:B10725/27-9-96, B22358/3-10-96, B22369/3-10-96,
B24441/8-10-96, B25525/10-10-96, B23402/4-10-96, B25199/4-10-96,
P-570/8-10-96, B25311/9-10-96, B22226/3-10-96, B22834/4-10-96,
B-456/7-10-96, B25403/10-10-96, B25464/10-10-96, B24690/9-10-96.
*IMPORT PERMIT NR.S.96/3128-6 AND
ADDENDUM NR. S.96/0525-3*

Gross Weight 1330656.5KGS

NETT WEIGHT 1308448.5KGS
2884634.0LBS.

**ORIGINAL**

PARTICULARS OF CONTAINERS
(Including Serial No. Type and Tare Weight)

BREAK BULK

GR NOS: AM-360339, AM-303619, CA-303617,
AM-303613, AM-303634, AL-833962, AL-833963,
AL-833957, AL-833961, AL-834168, AL-834167,
AL-834166, AL-834168, AL-834164, AM-834164

FREIGHT AND CHARGES
@ 95/- PMT for
6.6505 MT = U.S.$1,26,411.80
U. Dollars One lac twenty six
tousand four hundred eleven
eighty only.
CHARGES:       CHANGED

Received for shipment at the port of place first mentioned above including if hereby specially agreed...
[illegible printed terms]

IN WITNESS whereof the original Bills of Lading all of this tenor and date...

Number of Packages (in words) SEVEN THOUSAND
EIGHT HUNDRED EIGHTYEIGHT ONLY

Place and date of issue
MUMBAI   1 9 OCT 1996

the due on Shipment not refunda
Ship and/or Cargo Lost or N

SHIPPED ONLY



THE MAHARASHTRA STATE CO.OP.
COTTON GROWERS MARKETING FDN, LTD,
KHETAN BHAVAN, 198 J.T. ROAD,
CHURCHGATE
MUMBAI 400 020.

Consignee (if 'Order' state Notify Party)
TO THE ORDER OF
VICUNHA NORDESTE S/A.

POT - 4/02

11 9 NOV 1996

Notify Party (ONLY if not stated above; otherwise leave blank)
VICUNHA NORDESTE S/A.
INDUSTRIA TEXTIL ROD.DR. MENDEL
STEINBRUCH S/N -KM. 09
PAJUCARA - MARACANAU - CE -

Ocean Vessel  VOY-002
GLOBAL NATALI

Port of Loading
MUMBAI

Port of Discharge
FORTALEZA

BRAZIL

Number of original B/L
3  (THREE)

Marks and Numbers
REIN/
BRAZIL
LOT.NOS.   BALES.

Number and kind of packages, description of goods
11722 BALES (ELEVEN THOUSAND SEVEN
HUNDRED TWENTY TWO BALES ONLY.)

INDIAN COTTON 1995-96 CROP
VARIETY NHH-44 ROLLERGINNED

IMPORT PERMIT NO. 8-96/3148-6
AND ADDENDUM NR 8-96/0523-3

Gross weight
2001183.5
KGS.

NT. WT.

1968292.0
KGS.

NT. LBS.

4339341,00

BREAK BULK

**ORIGINAL**

PARTICULARS OF CONTAINERS
(including Serial No. Size and Tare Weight)

AS PER TOTAL THREE SHEETS ATTACHED TO
THIS B/L.

**SECOND ORIGINAL**

FREIGHT AND CHARGES

FREIGHT PREPAID
U.S.$.95/- PMT
for 2001.1835 MT
= U.S.$ 1,90,112.43
(U.S. Dollars One Lac Ninety
Thousand One Hundred Twelve
and cents forty three only)

Freight due on Shipment not refundable. Ship and/or Cargo Lost or not
Lost.

Number of Packages (in words) ELEVEN
THOUSAND SEVEN HUNDRED TWENTY TWO
Place and date of issue
MUMBAI 9 OCT 1996

Signed for the Master by  MR.E.J.PADRIA
For Sai Shipping Co. Pvt. Ltd.
NR.N.C. SHAH
As Agent

Case 1:02-cv-03596-ERK-RML   Document 1   Filed 06/19/02   Page 51 of 58

P. 006



FoT - S/02

19 NOV 1996
RECEBIDO

TM MAHARASHTRA STATE CO-OP.
COTTON GROWERS MARKETING FED. LTD.,
98, KHETAN BHAVAN, J.T. ROAD,
HUTCHGATE,
MUMBAI - 400 020.

TO THE ORDER OF
VICUNHA NORDESTE S/A.

VICUNHA NORDESTE S/A
INDUSTRIA TEXTIL
ROD. DR. MENDEL
BI XBRUCH S/N - KM.09
PAJOCARA - MARACANAU - CE -
BRAZIL

OLOBAL NATALI   MUMBAI

BRAZIL - ITY ALE 26        MUMBAI   THREE/(3)

REIN/                        BTR.BALES(NINE HUNDRED NINETY NINE)   169260.B KGS
BRAZIL
LOT NO. BALES               INDIAN COTTON 1995-96 CROP VARIETY   NET.WT.
7207   100                  NHH-44 ROLLER GINNED.                166443.5 KGS
7223   100
7232   100                  OR NO. AL-953845 DT: 14/10/96        NET.LBS.
7244   100                  OR NO. AM-337239 DT: 15/10/96
7291   100                  B.E.NO: 828207 & 828424 DT:16/10/96  366945.0
7297   099                  C.E.NO: 5596234990 & 5596235083
  10   100
 V04   100                  IMPORT PERMIT NR.8-96/3148-8 AND ADDENDUM NR.8-96/0522-3
 114   100
1327   100                       BREAK BULK                      ORIGINAL

PARTICULARS OF CONTAINERS                  SECOND ORIGINAL

FREIGHT AND CHARGES
FREIGHT PREPAID
US$95/34 US14
150 3608 MEG ARRANGE      Dollars sixteen thousand
-US$ 16079.75             seventy nine and seventy five only

19 OCT 1996

Freight due on Shipment not refund
able Ship and/or Cargo Lost or not   NINE HUNDRED NINETY NINE ONLY
Lost.

Original

Paul Reinhart AG
Postfach 582
CH-8401 Winterthur
SWITZERLAND,



INVOICE NO. 667965

CONTRACT NO. 667251

Credit Suisse
CH-8401 Winterthur
791.16.898
Telex 896744
SWIFT: CRESCHZZ84A

VICUNHA NORDESTE S/A
INDUSTRIA TEXTIL. -
ROD. DR. MENDEL
STEINBRUCH S/N - KM.09
PAJUCARA - MARACANAU
CE - BRAZIL

WINTERTHUR, 19.10.96 / GR

SUL AMERICA
GETEC
9 NOV 1996
RECEBIDO
SEGURO

DESCRIPTION OF GOODS:
4.962.622,10 TONELADAS DE ALGODAO EM PLUMA, PROCEDENTE DA
INDIA SAFRA 95/96 PADRAO IHHIR FIBRA 31/32 A 1" MICRONAIRE
.2 NCU PSI 82000 NAO CARDADO, NEM PENTEADO.
IMPORT PERMIT NR.8-96/3148-6 AND ADDENDUM NR.8-96/0523-3
IVERY TERMS: C AND F FORTALEZA SEAPORT - CE - BRAZIL
NTRY OF ORIGIN OF GOODS: INDIA.

SHIPMENT FROM: MUMBAI PORT - INDIA
PER: MV "GLOBAL NATALI" VOY-002
        B/L NO. FOT-1/02 - 9217 BALES
        B/L NO. FOT-3/02 - 7888 BALES
        B/L NO. FOT-4/02 - 11722 BALES
        B/L NO. FOT-5/02/- 999 BALES
        DATED OCTOBER 19, 1996

TO: FORTALEZA SEAPORT -
        CE - BRAZIL

===============================================================

| PARCEL MARKS | BALES | GROSS-WEIGHT | TARE | NET-WEIGHT |
|---|---|---|---|---|
| 331650 0101 | 29.826 | 5046.121,50 KGS | 83.499,40- KGS | 4962.622,10 KGS |
| REIN/BRAZIL | | 169.89 | | = 10.940.710,00 LBS |

FOB VALUE .............................................. 7'222.878,29 USD
FREIGHT VALUE ......................................... 479.381,55 USD
                                                        ----------------
C AND F FORTALEZA SEAPORT - CE, BRAZIL                  7.702.259,84 USD

ACTUAL TARE, NET LANDED WEIGHT
CONTROLLER: WAKEFIELD INSPECTION (THOM & CIA LTD.)

PAYABLE UNDER IRREVOCABLE DOCUMENTARY CREDIT NUMBER CDSP1445/96
ISSUED 08 OCT 96 OPENED THROUGH BANCO DE CREDITO NACIONAL S.A.
RUA BOA VISTA, 208, 6 ANDAR CONJ C, ATTN. GECAM/DEFIP, CEP.
01014-904, BR SAO PAULO SP BRASILIEN,

PAUL REINHART AG

THOM G. Fisch

Tösstalstrasse 82, CH-8401 Winterthur · Telefon (52) 264 81 81 · Fax (52) 212 00 56 · Telex 80 77 77

RECYCLED

HOLMAN, FENWICK & WILLAN

Marlow House
Lloyds Avenue
London EC3N 3AL

Telephone 0171 488 2300
International +44 171 488 2300

# FAX 0171 481 0316
International +44 171 481 0316

Telex 8812247 HFWLON
Cables Augurship London EC3
DX 1069 London City EC3

---

Please contact us immediately if all pages are not received
Total Pages including this sheet  2

> **RECEIVED**
> 0 1 APR 1997
> IRB LONDON
> BRANCH

| | | |
|---|---|---|
| DATE | : | 1 April 1997 |
| TO | : | Instituto de Resseguros do Brasil |
| ATTN | : | Mr Jose Salinas |
| FAX NO | : | 01718 670880 |
| FROM | : | GME/333 |

<u>SUBJECT TO CONTRACT</u>

| | | |
|---|---|---|
| RE | : | "GLOBAL NATALI" |

---

1.   We are instructed in this matter on behalf of Global Container Lines, the charterers of the above vessel and refer to your fax to our clients dated 11 March. We understand that you have spoken in the interim with the UK P&I Club.

2.   We are instructed to discuss with you the question of security to see if terms can be agreed.

 2.1   Firstly in relation to quantum we would be grateful for a clarification as to how you arrive at a figure of US$9 million. It is our understanding that the vast majority of the cargo of cotton was transhipped in a sound condition. Can you please let us have your assessment of the amount of cotton allegedly damaged/amount transhipped in a safe condition etc.

 2.2   With regard to jurisdiction our clients do not agree Seychelles jurisdiction. They are however interested in agreeing English law and jurisdiction (as provided in bills of lading in any event).

 2.3   We would also make it clear that, assuming an acceptable wording can be agreed, our clients' proposal to provide security should not be taken as a waiver of any of our

---

Confidentiality Notice

The information contained in this fax may be confidential. It is intended only for the use of the named recipient. If you are not the named or intended recipient, please notify us immediately so that we may arrange to collect the fax from you. In such an event, you should not disclose the contents of this fax to any other person, nor take copies of it. Thank you for your co-operation.

| **PARIS** | **PIRAEUS** | **ROUEN** | **HONG KONG** | **SINGAPORE** |
|---|---|---|---|---|
| Telephone 44.94.40.50 | Telephone 01 429 3978 | Telephone 32.08.18.60 | Telephone 2522 3006 | Telephone 534 0195 |
| Fax 42.65.46.25 | Fax 01 429 3118 | Fax 35.89.90.54 | Fax 2877 8110 | Fax 534 5864 |

This firm is regulated by the Law Society in the conduct of investment business.
A Partnership of Solicitors and Registered Foreign Lawyers. A list of Partners' names is available at the London Office.

clients' rights, including their right to limit liability but also, principally, their position that they are not the contractual carrier. We think you are misguided in seeking to obtain security and pursuing our clients as the bills of lading have been signed for the Master and the identity of carrier clause in the bill of lading identifies the ship owner as the contracting party. Our primary position is therefore that you should be addressing your claim to the owners of the vessel, as indeed we believe to be the case.

3.      Please provide us with a wording of security which you propose and we will take instructions.

Regards

**George Eddings**
**HOLMAN FENWICK & WILLAN**

HFWX/08851-1

RECYCLED

10

11/98

# IN THE SUPREME COURT OF SEYCHELLES
## (ADMIRALTY JURISDICTION)

1. **VICUNHA NORDESTE S/A INDUSTRIA TEXTIL**
2. **TEXTIL BASQUIT (TEBASA)**
3. **SUL AMERICA TERRESTRES, MARITIMOS**
    **E ACIDENTES**
4. **BAMERINDUS - CIA DE SEGUROS OF CURITIBA BRASIL**
5. **INSTITUTO DE RESSEGUROS DO BRASIL (IRB)**          PLAINTIFFS

VERSUS

**THE OWNERS AND CHARTERERS**
**OF THE VESSEL "GLOBAL NATALI"**          DEFENDANT

Civil Side No. 250 of 1997

Mr. R. Valabhji for the plaintiffs
Defendant - unrepresented - absent

_Perera, J._

# JUDGMENT

A writ f summons with a statement of claim endorsed claiming US$6,453,762.69 was duly served by a Process Officer of this court on 12th August 1997 by affixing it to the mast of the vessel "Global Natali", presently anchored in the Victoria Harbour. The owners and charterers having failed to file an acknowledgement of service as required by Or. 75 r 3, the applicants have filed a motion for default judgment in terms of Or. 75. R. 21.

Under Rule 21(7) this court ought to be satisfied that the applicant's claim is well founded before judgment is entered.

Mr. Valabhji, learned counsel for the applicants sought to establish the claim on the basis of the affidavit filed and the documents attached which supported the five items of the statement of claim. The total sum claimed is US$6,453,762.69.

Item 1 is a claim of US$2,5181,671 in respect of cargo lost by the first applicant Vicunha Nordeste of Brazil. There has been produced as document (A) the Insurance Report from the Instituto De Resseguros Do Brazil (London Branch) wherein the lost cargo of the 1st applicant has been estimated at US$2,518,671.

Item 2, is the loss suffered by the 4th applicant Bamerindus - CIA De Seguros of Curitiba. This sum of US$297,976.69 is shown in a document dated 6th June 1997 as the unloading amount in Fortaleza after transhipment of "Global Natali" to "Chian Star."

1

Item 3 is the salvage claim of the Islands Development Company of Seychelles, the salvors, paid by the 5th applicant Instituto De Resseguros do Brasil. Mr. Glenny Savy the Executive Chairman testifying in case No. 265 of 1997 heard together with the instant case testified that this sum was received from consignees of goods. The instant claim is US$-2,450,000.

Item 4 is a sum of US$508,000 being the salvage claim paid to Tsavliris Tug owner by the 5th applicant, the Instituto De Resseguros Do Brasil. This amount consists of two sums, the claim of US$467,260 and US$40,000 costs. This claim is supported by a fax transmission dated 21st May 1997 from Clide & Co, a Law Firm in London.

Item 5 are the transhipment charges from Seychelles to Brasil paid by the 1st and 2nd applicants in a sum of US$703,890.

From the total amount of US$6,492,148 has been reduced a sum of US$34,775 which is reflected as US$24,000 in a letter dated 17th February 1997 from the Instituto De Resseguros Do Brasil. Mr. Valabhji submitted that he held correspondence regarding the error in the figures which has since been acknowledged.

The total claim of the applicants would then be US$6,453,762.69.

On the basis of the affidavit and the supporting documents adduced in the case, the court is satisfied that the respective claims of the applicants are well founded. Hence acting in terms of Or. 75 r.7 of the Supreme Court Rules (UK) which are applicable in this court, I award the applicants jointly and severally a sum of U.S dollars six million four hundred and fifty three thousand seven hundred and sixty two and sixty nine cents. (US$6,453,762.69), which sum shall be recovered by appraisement of the vessel and sale by auction or private treaty.

This award shall however become payable subject to priority being given to the award made to the Salvor Islands Development Company in action No. 265/97 of this court and the port dues payable to the Port and Marine Division, and further subject to this court determining the order of priority of claims upon the balance proceeds being deposited in court.

Dated this 27th day of August 1997.

A. R. PERERA
JUDGE

*certified true copy of the original*

*Heppathy*
*Prin. Asst. Registrar*

2